ANDREW KELLY, PLAINTIFF, v. HANS JOHNSON,
DEFENDANT.

Decided June 17, 1927.

Negligence—Motor Vehicle Accident—No Error in Refusing
Nonsuit, There Being Evidence to Justify a Jury in Finding
For Plaintiff—Question of Contributory Negligence One of
Dispute, For Jury—Verdict Not Unduly Excessive.

On defendant's rule to show cause.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the rule, *Freeman Woodbridge.*

*Contra, Thomas Brown.*

PER CURIAM.

This case was tried at the Middlesex Circuit Court and
resulted in a verdict of $3,000 in favor of the plaintiff and
against the defendant.

The defendant obtained a rule to show cause why a new
trial should not be granted.

Under this rule, in his behalf, it is argued—*first,* that the
trial judge erred in refusing to grant a nonsuit, because there
was no proof of any negligence on part of the defendant in
the operation of his automobile which ran into the plaintiff,
and that any injuries which the plaintiff sustained were the
result of his sole negligence. *Secondly,* that the verdict was
contrary to law and the weight of the evidence. *Thirdly,*
that the verdict was excessive.

After a careful reading of the testimony, we are satisfied
that there was testimony which would have warranted a jury
in finding that the injuries to the plaintiff were the proximate
result of the defendant's negligent operation of his automo-
bile, and this being so, the trial judge could not properly

take the case from consideration of the jury, and therefore the nonsuit was properly refused. Nor would the trial judge have been warranted to nonsuit the plaintiff on the ground of contributory negligence. The burden of establishing that the plaintiff's negligence proximately contributing to his injury was upon the defendant. Under the testimony in the present case it was a disputed question of fact, pre-eminently, for a jury to decide. Nor can we say that the verdict is so contrary to the weight of the evidence as to shock the sense of justice.

The point that the verdict is excessive is abandoned in defendant's brief.

The rule to show cause is discharged, with costs.